UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GOVERT VANVLOTEN                                                                          PLAINTIFF

V.                                                                   CIVIL ACTION NO.1:06CV379 LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
and JOHN FRENCH and CROWLEY LINER SERVICES, INC.           DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiff Govert Vanvloten's (Vanvloten) motion [4] to remand. For the reasons set out below, this motion will be granted.

This is an action for property damage sustained during Hurricane Katrina. Plaintiff is the named insured under a homeowners policy issued by Defendant Nationwide Mutual Fire Insurance Company (Nationwide). Plaintiff purchased this policy from a local insurance agency operated as a corporation by Defendant John French (French).

Both Plaintiff and French are resident citizens of Mississippi. If French has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

During Hurricane Katrina, Vanvloten's property sustained substantial damage from the storm surge flooding. Nationwide denied coverage for these losses on the grounds that they were excluded losses under the Nationwide homeowners policy. This action ensued.

Nationwide has removed this action on grounds of diversity of citizenship, alleging that Vanvloten has fraudulently joined French in order to defeat diversity jurisdiction. This is an issue on which Nationwide has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint and the Parties' Affidavits

Plaintiff has alleged that 1) French advised him not to purchase flood insurance in response to an inquiry about that type of coverage; 2) French told him that he did not need separate flood coverage; and 3) French assured him that his homeowners policy would cover all the damages he might sustain in a hurricane. It is the plaintiff's theory of his case that these actions were negligent in the circumstances existing at the time of the alleged conversation. Defendants deny these allegations.

The state court complaint specifically alleges that at the time the plaintiffs renewed his Nationwide policy, on or about July 11, 2005, "Defendant French advised the Plaintiff that he did not need flood insurance because his property was not in a flood zone and because his policy already provided him with "full coverage" for damages from hurricanes. In reliance upon the representations of Defendant French, Plaintiff did not acquire flood insurance." (Complaint Paragraph 6) Based on this conversation, the plaintiff sued French under alternative theories including the torts of negligent misrepresentation (Complaint Count Four) and negligence. (Complaint Count Three)

French submitted an affidavit dated May 8, 2006, in which he denied that the conversation alleged in the complaint ever took place. (Affidavit of John French-Exhibit #1 to the Response to Motion To Remand-Paragraphs 3 and 4) An affidavit submitted by Vanvloten dated May 9, 2006, indicates that the conversation alleged in the complaint was between Vanvloten and "John French's employee." (Affidavit of Grover Vanvloten-Exhibit B to Rebuttal in support of Motion To Remand-Paragraph 2). French then submitted a second affidavit dated May 25, 2006. In this second affidavit, French stated that he had no personal employees at the insurance agency, all employees there being employees of the corporation. (Affidavit of John French-Exhibit #1 to the Motion for Leave To File Sur-Reply-Paragraphs 3, 4, and 5)

By order [17] entered August 2, 2006, I permitted the parties to conduct remand-related discovery to develop the evidence relating to the conversation alleged in the complaint. On August 8, 2006, plaintiff filed his affidavit [18] asserting that the conversation he has alleged was directly between him (Vanvloten) and French, and that the conversation occurred while Vanvloten was engaged in the renewal of his homeowners policy. According to Vanvloten's affidavit, French made the direct representation, in response to Vanvloten's inquiry about flood insurance, "Govert do not worry about it, you do not need flood insurance as you are not in a flood zone." Vanvloten states that this conversation took place in "May or June of 2005." (Affidavit in Support of Motion To Remand)

Standard of Care Applicable to Insurance Agents

      Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Negligent Misrepresentation Under Mississippi Law

      Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of Vanvloten's theories of recovery against French.

      Of course, the truth of Vanvloten's allegations; the circumstances in which the events in question transpired; the question what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  Likewise, the standard of care that applies to the conduct of French; the question whether the conduct of French met the applicable standard of care; and the question whether Vanvloten's alleged reliance on the statements in question was reasonable, are all questions that must be answered on a more fully developed record.  These are questions of state law (and mixed questions of law and fact) on which the plaintiffs are entitled to the benefit of the doubt at this juncture.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

   For the purpose of deciding whether there has been a fraudulent joinder, Vanvloten's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.  Without venturing any opinion on the merits of Vanvloten's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, French and Nationwide have failed to establish that Vanvloten has no viable legal theory upon which he may proceed against French under Vanvloten's version of events.  The opposing affidavits of the parties establish the existence of a genuine issue of material fact concerning all aspects of the alleged conversation between Vanvloten and French.

   Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

   An appropriate order will be entered.

   Decided this 7th day of December, 2006.

              s/ *L. T. Senter, Jr.*
              L. T. Senter, Jr.
              Senior Judge